IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEYAWN COOK,

     Plaintiff,                    No. 2:08-cv-1162 FCD JFM (PC)

     vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

     Defendants.            ORDER

          Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.[1]

          Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee

---

[1] Plaintiff has not submitted a certified copy of his inmate trust account for the six month period that preceded the filing of this action. See 28 U.S.C. § 1915(a)(2). Plaintiff will be required to submit the required statement within thirty days from the date of this order. Failure to comply with this order may result in a recommendation that this action be dismissed.

1

1  in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will
2  direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account
3  and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly
4  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust
5  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court
6  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28
7  U.S.C. § 1915(b)(2).

8        The court is required to screen complaints brought by prisoners seeking relief
9  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
10 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
11 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
12 granted, or that seek monetary relief from a defendant who is immune from such relief.  28
13 U.S.C. § 1915A(b)(1),(2).

14       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
15 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
16 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
17 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
18 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
19 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
20 Cir. 1989); Franklin, 745 F.2d at 1227.

21       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
22 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
23 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
24 Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S.
25 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain
26 more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

       Plaintiff claims that his rights under the Eighth Amendment were violated by deliberate indifference to his safety and inadequate medical care when he slipped and fell in a large puddle of water and was denied adequate medical care for the injuries that he sustained. Plaintiff names fifteen defendants in his complaint.  There are no charging allegations against the following defendants:  Captain Lieber, Lieutenant Johnson, Karen Kelly, Ph.D., Dr. Vuc Duc, Nurse Cunningham, or MTA Corona.  For that reason, the court will not order service of process on said defendants.

       The sole charging allegation against defendant Warden Malfi is that "[t]he Warden and all those in charged [sic] with the authority 'under color of law' have an obligation and duty to protect inmates (including myself) from substantial risk of serious harm, . . . ." Complaint, filed May 27, 2008, at 5.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

3

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's inclusion of Warden Malfi as a defendant is based solely on a theory of respondeat superior. For that reason, the court will not order service of process on Warden Malfi.

Plaintiff also names Carlos Navarrate, a maintenance man at California State Prison-Sacramento, as a defendant. The sole charging allegation against Mr. Navarrate is that he reviewed part of plaintiff's administrative at the first level of review and reported that he had gone up onto a building roof and "patched around the dayroom fans where the leaks probably were coming from." Complaint, at 6. Plaintiff alleges that this statement constitutes an admission that the roof was leaking and had to be fixed to get to "civilized standards." Id. These allegations are insufficient to state a cognizable claim for relief against Mr. Navarrate and the court will not order service of process on said defendant.

The complaint states a cognizable claim for relief against the remaining named defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the

/////

complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

On September 8, 2008, plaintiff filed requests for issuance of summonses, for a blank summons form, and for an extension of time to complete service of process. The court will, by this order, direct plaintiff to complete and return forms necessary for service of process. Plaintiff's requests for forms will be denied as unnecessary. Following return of the forms, the court will direct the United States Marshal to serve process on those defendants against whom one or more cognizable claims for relief has been stated. No extension of time to complete service of process is required at this time. Plaintiff's request for an extension of time will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted, subject to compliance with paragraphs 2 and 6 of this order.

2. Within thirty days from the date of this order, plaintiff shall submit a certified copy of plaintiff's inmate trust account statement for the six month period that preceded the filing of this action.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Service is appropriate for the following defendants: Correctional Officer Easley; Dr. Bal; Dr. Wedell; Appeals Coordinator O'Biran; and N. Grannis.

5. The Clerk of the Court shall send plaintiff five USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed May 27, 2008.

/////

1        6. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

        a. The completed Notice of Submission of Documents;

        b. One completed summons;

        c. One completed USM-285 form for each defendant listed in number 3 above;

        d. Six copies of the endorsed complaint filed May 27, 2008; and

        e. A certified copy of plaintiff's inmate trust account statement for the six month period that preceded the filing of this action. Failure to comply with this order may result in a recommendation that this action be dismissed.

       7. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

       8. Plaintiff's September 8, 2008 requests for issuance of summonses, for a summons form and for an extension of time to complete service of process are denied.

DATED: November 3, 2008.

                                                            UNITED STATES MAGISTRATE JUDGE

12
cook1162.1nots

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEYAWN COOK,

     Plaintiff,                      No. 2:08-cv-1162 FCD JFM (PC)

     vs.

CALIFORNIA DEPARTMENT OF

CORRECTIONS, et al.,                  NOTICE OF SUBMISSION

     Defendants.                  OF DOCUMENTS

_____/

     Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

            _____ completed summons form

            _____ completed USM-285 forms

            _____ copies of the _____
                                Complaint/Amended Complaint

            _____ certified copy of plaintiff's inmate trust account statement

DATED:

                                              _____
                                              Plaintiff