IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEYAWN COOK,

      Plaintiff,                  No. 2:08-cv-1162 FCD JFM (PC)

   vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

      Defendants.             <u>ORDER</u>

                                 /

        By order filed April 16, 2009, defendants Wedell and Easley were ordered to show cause why their default should not be entered in this action. On April 20, 2009, counsel for defendants O'Brian, Grannis and Easley responded, noting that defendant Easley had joined in the March 20, 2009 answer by filing a joinder on April 17, 2009. Counsel noted, however, that no request for representation had been received from defendant Wedell.

        On May 8, 2009, plaintiff filed a request to enter default pursuant to Fed. R. Civ. P. 55(a) against defendant Easley. However, because defendant Easley joined in the March 20, 2009 answer on April 17, 2009, plaintiff's request will be denied.

        On May 8, 2009, plaintiff also filed a request to enter default against defendant Wedell. That request was entered on the court docket on May 12, 2009.

1

On May 13, 2009, defendants Wedell and Bal filed a request to join in the March 20, 2009 answer. On May 13, 2009, defendant Wedell filed an opposition to plaintiff's request for entry of default.

On June 4, 2009, plaintiff filed a request for entry of default against defendant Bal. Plaintiff also filed a reply to defendants' opposition to plaintiff's request for entry of default. Plaintiff contends the instant case has suffered months of delay due to defendants' failure to timely respond.

Rule 55(c) of the Federal Rules of Civil Procedure provides for relief from an entry of default for "good cause shown." An application under 55(c) to set aside a default is addressed to the sound discretion of the trial court. Savarese v. Edrick Transfer and Storage, Inc., 513 F.2d 140, 146 (9th Cir. 1975). Because of the preference for deciding cases on their merits whenever possible, motions for relief from default entries should be viewed liberally, see Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984), resolving all doubts in favor of the party seeking relief. See, e.g., Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974); Butner v. Neustadter, 324 F.2d 783 (9th Cir. 1963).

While plaintiff is correct that some delay has been incurred, all defendants have now appeared. In addition to joining in the March 20, 2009 answer, defendants have now filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Although there is no express requirement of timeliness in Rule 55(c), the fact that a defaulted party acts quickly to cure the default and seek relief is viewed as a strong reason for the court to exercise its discretion to set aside the default. 10 Wright & Miller, § 1698. Good cause appearing, defendants' requests to join in the March 20, 2009 answer will be granted, and plaintiff's requests to enter default will be denied. Plaintiff will be granted an extension of time in which to oppose defendants' motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for entry of default are denied. (Docket Nos. 34, 35 & 39.)

/////

2. Defendants' requests to join in the March 20, 2009 answer are granted. (Docket Nos. 28, 36 & 37.)

3. Plaintiff is granted an additional thirty days in which to file an opposition to the June 19, 2009 motion to dismiss.

DATED: July 9, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; cook1162.77