IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEYAWN COOK,

    Plaintiff,                      No. 2:08-cv-1162-FCD-JFM (PC)

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.               ORDER

                                /

          Plaintiff has filed a second motion for the appointment of counsel.[1] By the instant motion, plaintiff seeks appointment of a specific individual to represent him. Plaintiff has not appended anything to his motion that indicates whether the identified individual is an attorney, or whether, if he is, he would accept such appointment. In that regard, the court notes that plaintiff appended to his April 22, 2009 motion for appointment of counsel a letter from the law firm referred to in the instant motion advising plaintiff they were "unable to be of assistance to

---

[1] Plaintiff's request, filed July 24, 2009, is styled as a "Motion for Reconsideration of Request for Application of Appointment of Counsel, and Declaration of Indigency." If construed as a motion for reconsideration by the district court of this court's May 6, 2009 order denying plaintiff's first motion for appointment of counsel, the request is untimely. See Local Rule 72-303(b). The instant motion contains a request for appointment of a specific attorney, which was not included in plaintiff's first motion for appointment of counsel. Accordingly, the court construes the instant motion as one for further consideration of appointment of counsel by this court.

1

[plaintiff]." Ex. to April 22, 2009 Motion for Appointment of Counsel.  Moreover, the individual identified in the present motion is identified as a "staff support" person on the firm's letterhead; it is unclear whether he is an attorney.  Id.

As noted in this court's May 6, 2009 order, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The court still does not find the required exceptional circumstances, nor has plaintiff shown that the individual for whom he seeks appointment is either an attorney or willing to represent him.  For these reasons, plaintiff's motion will be denied.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's July 24, 2009 motion for reconsideration is construed as a second motion for appointment of counsel and, so construed, is denied.

DATED: August 27, 2009.

UNITED STATES MAGISTRATE JUDGE

12
cook1162.31sec